The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Pfeiffer. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
 ***********
Based upon the record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows
 FINDINGS OF FACT
1. Plaintiff is a prisoner incarcerated by the North Carolina Department of Correction, having been convicted of second degree murder and burglary with a dangerous weapon. In October and November 1997, plaintiff was housed at Central Prison in Raleigh. Plaintiff claims that on or about 15 October 1997, he and inmate William Mashburn were sexually assaulted by fellow inmate Joe Smith in the H-Dorm at Central Prison.
2. Plaintiff and inmate Mashburn began socializing with inmate Joe Smith in October 1997. These inmates played cards, smoked marijuana, and looked at pornography together in inmate Smiths cell. At about the time the three inmates began socializing together, and shortly after the first episode of sexual activity between the two men, inmate Smith transferred into plaintiffs cell.
3. It is undisputed that inmates Stout, Mashburn, and Smith engaged in sexual activity with each other in various combinations over a period of several days. According to the greater weight of the evidence, the sexual activity occurred at inmate Smiths instigation, the first time occurring after inmate Smith showed the other two inmates his pornographic pictures. According to the greater weight of the evidence, the sexual advances on the part of inmate Smith were unwanted by plaintiff and by inmate Mashburn, and both felt compelled to participate in the sexual activities after inmate Smith revealed a collection of homemade shanks.
4. While the sexual activity was unwanted by plaintiff and inmate Mashburn, neither one immediately reported the incidents or inmate Smiths threatening behavior to a Department of Correction official or asked to be placed in administrative, protective segregation. The sexual conduct occurred from 15 October 1997 through approximately 17 October 1997.
5. It was not until 17 October 1997 that inmate Mashburn approached Sergeant Barefoot and reported that he and plaintiff had been forced to have sexual relations with inmate Smith. Upon inmate Mashburns reporting of these incidents, Sergeant Barefoot immediately sent inmates Stout and Mashburn to the prison nurse for medical treatment and examination, placed all three inmates in administrative segregation, and initiated an investigation into the incidents.
6. Plaintiff first related to Sergeant Barefoot that inmate Smith forced him to engage in different sexual acts, as set out in documents introduced and admitted as exhibits in this matter. However, on 29 October 1997, plaintiff signed a statement that he affirmed to be true to the best of his knowledge, that inmate Smith did not force or coerce either him or inmate Mashburn into having sexual relations. This reversal by plaintiff of his previous statements accusing Smith caused Sergeant Barefoot to conclude that all three inmates had engaged in consensual sexual conduct some time between 15 and 17 October 1997.
7. Furthermore, all three inmates pled guilty in early November 1997 to committing sexual acts with one another in mid-October 1997. These incidents form the basis of plaintiffs tort claim at hand. It is undisputed that plaintiff pled guilty to committing sexual acts with inmates Smith and Mashburn.
8. Plaintiff contends that Sergeant Barefoot, a longtime Department of Correction employee, acted negligently by accepting a $10.00 bribe from inmate Smith to have Smith housed in the same cell with plaintiff. This allegation, which would constitute intentional conduct rather than negligence if accepted as true, is not credible in light of Sergeant Barefoots denial of the same.
9. Plaintiff was allowed to amend his tort claim after the close of the evidentiary record to name Sergeant Thompson as a negligent state employee. The evidence in this matter pursuant to Sergeant Barefoots investigation was that Sergeant Thompson approved the transfer of inmate Smith into plaintiffs cell. In his testimony, however, plaintiff did not specifically allege or relate any negligence or other misconduct to Sergeant Thompson in this matter. There is insufficient credible evidence from which to find by its greater weight that Sergeant Thompson knew any of the three inmates involved in the alleged sexual incidents or knew that plaintiff was being placed in any danger when he was housed with inmate Smith.
10. Plaintiff further alleges that at the time of the incidents giving rise to this claim, the guards at Central Prison did not make their regularly scheduled rounds, thereby leading to inmate Smiths opportunity to sexually assault both plaintiff and inmate Mashburn. However, in contradiction to this testimony, Sergeant Barefoot confirmed that the guards made their rounds on a regular basis. In addition, the testimony of the inmates uniformly indicated that when the sexual acts took place, one of the men acted as a lookout, in the event a guard did happen to be in the area at the time.
11. Plaintiff alleges that associate warden Sherwood McCabe, who was in a supervisory position at Central Prison, was negligent on the grounds that the alleged negligent actions of the sergeants occurred on the premises of Central Prison. However, plaintiff presented insufficient evidence from which to find by its greater weight that associate warden McCabe either had knowledge of the incidents involved, or had reason to believe that the sexual activity or unlawful injury to plaintiff would occur.
12. Likewise, there is insufficient evidence from which to find by its greater weight that any of the named employees of defendant in this matter had reason to believe or foresee, or could reasonably have foreseen that inmate Smith posed a danger to plaintiff.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as matters of law the following
 CONCLUSIONS OF LAW
1. It is a general principle of law that a jailer must exercise reasonable and ordinary care and diligence to prevent unlawful injury to a prisoner placed in custody, but cannot be charged with negligence in failing to prevent what could not be reasonably anticipated. 60 Am.Jur.2dPenal and Correctional Institutions, 23; Helmly v. Bebber,77 N.C. App. 275, 335 S.E.2d 182 (1985).
2. There is insufficient evidence of record from which to find and hold by its greater weight that any of the named employees of defendant in this matter used less than reasonable and ordinary care and diligence to prevent unlawful injury. In addition, there is insufficient evidence from which to find and hold by its greater weight that any of the named employees of defendant did foresee or through reasonable diligence could have foreseen or anticipated any injury in this case, yet failed to take the proper precautions to safeguard plaintiff. Sutton v. Duke, 277 N.C. 94,176 S.E.2d 161 (1970).
3. Even if the sexual acts that form the basis of this claim were unwanted and forced, plaintiff nevertheless has failed to meet his burden of proving that any of the named employees of defendant acted negligently, or foresaw or could have foreseen any unlawful injury to plaintiff. N.C.G.S. 143-291 et seq.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiffs claim under the Tort Claims Act must be and is hereby Denied.
2. Each side shall pay its own costs.
This the ___ day of March 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER